IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TELISA BROWN, GUARDIAN AND NEXT
FRIEND OF THE WRONGFUL DEATH
BENEFICIARIES, SOLOMAN LA DEL
HARRIS AND ROOSEVELT HARRIS                           PLAINTIFF

VS.                         CIVIL ACTION NO. 5:09-cv-153(DCB)(JMR)

ISSAQUENA COUNTY, MISSISSIPPI                         DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Issaquena County, Mississippi ("the County")'s motion to dismiss the plaintiff's complaint **(docket entry 2)**, and on the County's motion to dismiss the plaintiff's amended complaint **(docket entry 13)**. Having carefully considered the motions and responses, the memoranda and applicable law, and being fully advised in the premises, the Court finds as follows:

The County's motion to dismiss the plaintiff's original complaint is moot in light of the subsequent stipulation of the parties allowing the plaintiff to file an amended complaint. The plaintiff's Amended Complaint against the County alleges various causes of action, including state law torts and violations of 42 U.S.C. § 1983, associated with the treatment and ultimate death of Soloman Harris, a former detainee of the Issaquena County Correctional Facility. The County moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to allege a cognizable claim.

Motions to dismiss under Rule 12(b)(6) "are viewed with

disfavor and are rarely granted." Test Masters Educ. Servs. Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563 (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994)("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). The Court may grant dismissal only if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The Court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. Lormand v. US Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

The County alleges that "Plaintiff's Amended Complaint fails to allege that any specific policy or custom of Issaquena caused a constitutional injury to Plaintiff or her decedent." Motion to Dismiss, ¶ 2.

The plaintiff's Amended Complaint alleges, in part:

> That on or about August 18, 2008, Soloman Harris was an inmate at the Issaquena County Jail in Mayersville, Mississippi. That the inmate, Soloman Harris, received medication which was administered by security personnel at the Issaquena County Jail. That Soloman Harris was also allowed to receive and take medication given by another inmate in the same facility with knowledge and permission of employees of the jail. That shortly thereafter, Soloman Harris began to complain of severe headaches with intermittent periods of vomiting while being housed in the jail. That the security officers and nurses checked on Harris on several occasions and continued to administer medication to Harris. That the medication which was received and taken by Harris resulted in an allergic reaction causing him to become critically ill.

Amended Complaint, ¶ 3.

> That the personnel of the Issaquena County Jail and Issaquena County Sheriff's Department, while acting in their official capacities, were grossly negligent and acted with wanton disregard concerning the well being of the Plaintiff in the following respects:
>
> (a) in failing to maintain the appropriate medical protocols for dispensing medications to inmates in county facilities;
>
> (b) in allowing inmates to possess, control, and dispense medications to other inmates;
>
> (c) in failing to timely discover and provide proper medical treatment for Harris's physical health conditions and problems.

Amended Complaint, ¶ 5.

> Plaintiff would show that the conduct of the Defendant towards Soloman Harris constitutes violations of Title 42 USCS Section 1983 in the following respects:
>
> . . .
>
> (c) At all material times, officers and employees of Issaquena County failed to maintain the appropriate

3

> medical protocols for the dispensing of medications to inmates in county facilities. That the failure of officers and employees to maintain standard medical protocols represented a custom and practice of said officers and employees serving as agents of Issaquena County, Mississippi.
>
> (d) At all material times, officers and employees allowed inmates to posses [sic], control and dispense medications to other inmates. That allowing inmates to possess, control and dispense medications to other inmates constituted a custom and practice of said officers and employees of Issaquena County all in violation of the constitutional rights of the decedent Soloman Harris.

Amended Complaint, ¶ 7 (c),(d).

> Said conduct on the part of Defendant and its employees exhibited and constituted a deliberate indifference to the needs and well being of Soloman Harris, all of which caused or contributed to his death.

Amended Complaint, ¶ 8.

"Liability under 42 U.S.C. § 1983 may not be imposed on a governmental entity on a theory of respondeat superior for the actions of government employees." Johnson v. Moore, 958 F.2d 92, 93 (5th Cir. 1992)(citing Monell v. Dept. of Social Services, 436 U.S. 658, 690-94 (1978)). Rather, the plaintiff must demonstrate: "(1) that the municipal employee violated [the decedent's] clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference." Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999). A "policy or custom" may be an official policy or a "persistent, widespread practice of [county] officials

4

or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents [county] policy." Bennett v. City of Slidell, 735 F.2d 861, 862 (5th Cir. 1984).

The official policy requirement can be met in at least three different ways: (1) when an "officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of the policy; (2) when there is no official policy announced, "but the action of the policymaker itself violated a constitutional right"; or (3) when the policymaker fails to act affirmatively when the need to take action "is so obvious" that the policymaker's inaction renders it "deliberately indifferent to the need." Burge v. Parish of St. Tammany, 187 F.3d 452, 471 (5th Cir. 1999).

The plaintiff's Amended Complaint alleges that County officers and employees maintained a custom and practice of failing to maintain standard medical protocols for the dispensing of medications to inmates, and allowing inmates to possess, control and dispense medications to other inmates. Amended Complaint, ¶¶ 7(c),(d). The Amended Complaint further alleges that said custom or practice was a direct and proximate cause of the decedent's injuries, and constituted deliberate indifference to his medical needs, resulting in the violation of his constitutional rights. Amended Complaint, ¶¶ 6-8. "[A] claimant need only allege facts

sufficient to alert the municipality of an official custom or policy alleged to have caused a constitutional deprivation in order to survive a Rule 12(b)(6) motion to dismiss." Walston v. City of Port Neches, 980 F.Supp. 872, 877 (E.D. Tex. 1997). The Court finds that the plaintiff's allegations regarding custom and practice, when coupled with the remaining allegations in her Amended Complaint, are sufficiently specific to survive a Rule 12(b)(6) motion.

The defendant also moves to dismiss the plaintiff's state law claims, brought pursuant to the Mississippi Tort Claims Act ("MTCA"), on grounds of sovereign immunity. Issaquena County is a governmental entity for purposes of the MTCA. See Miss. Code Ann. § 11-46-1(g),(i),(j). The MTCA specifically excludes claims against a governmental entity arising under state law while a person is lawfully incarcerated in a penal facility. Miss. Code Ann. § 11-46-9(1)(m). See Harvison v. Greene County Sheriff Dept., 899 So.2d 922, 925 (Miss. Ct. App. 2005)(MTCA did not waive immunity of sheriff's office for claims of pretrial detainee who was bitten by another inmate and allegedly not given immediate and significant medical treatment).

The plaintiff's sole response to this argument is that "the Defendant would not be immune from state law claims if it can be show [sic] that the Defendant's employees acted with deliberate indifference to the decedent's rights or in contravention of the

14th Amendment to the United States Constitution." Response, ¶ 3. The plaintiff fails to cite any authority for her argument. Harvison supports the defendant's position. See also Love v. Sunflower County Sheriff's Dept., 860 So.2d 797, 801 (Miss. 2003); Liggans v. Coahoma County Sheriff's Dept., 823 So.2d 1152, 1156 ("Because a governmental entity, under the MTCA, is immune from all claims arising from claimants who are inmates at the time the claim arises, the 1(c) reckless disregard section does not apply."). The County's motion to dismiss shall be granted as to the plaintiff's MTCA claim. Accordingly,

IT IS HEREBY ORDERED that the defendant Issaquena County, Mississippi's motion to dismiss the plaintiff's complaint **(docket entry 2)**, is MOOT;

FURTHER ORDERED that the County's motion to dismiss the plaintiff's amended complaint **(docket entry 13)** is GRANTED IN PART AND DENIED IN PART:

GRANTED as to the plaintiff's state law claims pursuant to the MTCA;

DENIED as to the plaintiff's Section 1983 claims against the County.

SO ORDERED, this the 17th day of May, 2010.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE